IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DORTHEE DeJESUS and NESTOR DeJESUS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PETE GEREN, ACTING SECRETARY OF ) <br> THE ARMY OF THE UNITED STATES ) <br> OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 3:08cv0043 <br><br> Judge Thomas A. Wiseman, Jr. |

### ORDER OF FINAL JUDGMENT

Plaintiffs Dorothy DeJesus and her husband Nestor DeJesus sue Pete Geren in his official capacity as the Secretary of the United States Army (hereafter referenced as "Defendant"). Ms. DeJesus brings claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-301 *et seq.* She also alleges she was improperly denied leave requested under the Family and Medical Leave Act ("FMLA") in September 2007, and that the Defendant's management employees improperly and without permission exposed or disclosed her medical records in a manner inconsistent with the terms and conditions set forth in the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d. Mr. DeJesus seeks damages for loss of consortium.

Presently before the Court is the Defendant's Motion to Dismiss, in Part, and for Summary Judgment (Doc. No. 9). In its motion, Defendant asserts that: (1) to the extent Ms. DeJesus intended to state claims under the FMLA or HIPAA, they must be dismissed for lack of jurisdiction or for failure to state a claim under Rule 12 of the Federal Rules of Civil Procedure; (2) the THRA claim against the Secretary of the Army in his official capacity is actually a claim against the federal government and is barred by the doctrine of sovereign immunity; and (3) Ms. DeJesus's hostile work environment claim and one of her discrimination claims must be dismissed for failure to exhaust administrative remedies.

The Defendant further argues that it is entitled to summary judgment with respect to Ms. DeJesus's Title VII discrimination, retaliation and hostile work environment claims. With respect to Nestor

DeJesus's claims, the Defendant argues that Title VII does not countenance claims for loss of consortium.

Ms. DeJesus concedes that she has not stated nor did she intend to state a claim under HIPAA, so Defendant's motion to dismiss that claim is **GRANTED**.  Further, the Court agrees that the FMLA and THRA claims must be dismissed for lack of jurisdiction, but will deny the motion to dismiss any of the plaintiff's claims for failure to exhaust administrative remedies.  Defendant's motion to dismiss (Doc. No. 9) is therefore **GRANTED IN PART AND DENIED IN PART**.  Defendant is entitled, however, to judgment in its favor as to all the plaintiffs' remaining claims, so the motion for summary (Doc. No. 9) is **GRANTED** in its entirety.  All other pending motions (including Defendant's Objections to the Magistrate Judge's Report and Recommendation, Document No. 24) are hereby rendered **MOOT**.

Judgment is herewith entered in favor of the Defendant and this matter is **DISMISSED**.

It is so **ORDERED**.

This is a final appealable judgment for purposes of Fed. R. Civ. P. 58.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge